USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-2287

 DAVID JAMES WYATT,

 Plaintiff, Appellant,

 v.

 CITY OF BOSTON, ET AL.,

 Defendants, Appellees.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 ____________________

 David James Wyatt on brief pro se.
 Malcolm S. Medley, Special Assistant Corporation Counsel, Boston
Public Schools, on brief for appellees.

 ____________________

 May 1, 1998
 

 Per Curiam. Appellant David James Wyatt appeals the
 dismissal of his complaint for failure to state a claim under
 Fed. R. Civ. P. 12(b)(6) and for failure to plead fraud with
 the particularity required by Fed. R. Civ. P. 9(b). After
 reviewing the record and the parties' briefs, we affirm the
 judgment of the district court for essentially the reasons
 stated in its Memorandum and Order, dated August 22, 1997, and
 other dispositive reasons on the merits. We add only the
 following comments.
 1. Even assuming appellant alleged fraud with the
 requisite specificity, a careful reading of the complaint and
 appellant's brief demonstrates a complete failure, on the
 merits, to state a common law claim of fraud. Central to such
 a claim is the making of a false statement by a defendant. SeeTurner v. Johnson & Johnson, 809 F.2d 90, 95 (1st Cir. 1986);
 Macoviak v. Chase Home Mortgage Corp., 40 Mass. App. Ct. 755,
 760, 667 N.E.2d 900, 904 (1996). We find no relevant false
 statements here.
 First, because the definitions of "good cause" and
 "just cause" in the two versions of M.G.L.c. 71, 42 are
 virtually identical in all pertinent aspects -- both versions
 include incompetency as cause for dismissal -- the
 representation that there was "just cause" to dismiss appellant
 was not false. Second, since the Education Reform Act of 1993
 was an emergency law, it became effective on the date it was
 approved -- June 18, 1993. See Connolly v. Division of Pub.
 Employee Retirement Admin., 415 Mass. 800, 803 n.3, 616 N.E.2d
 59, 61 n.3 (1993). This means that defendants' statements to
 Wyatt that review of the termination decision had to proceed
 under the terms of the new Act were, in fact, true. In this
 context, we reject appellant's argument that Superintendent's
 Circular No. 2 was part of the collective bargaining agreement
 and thus, under 77 of the Reform Act, trumped the application
 of new 42. As a result, there was no breach of state law,
 and, consequently, no fraud. Based on the foregoing, appellant
 has no claim of fraud, and thus no further lawsuits, against
 any of the defendants, including Lois Harrison-Jones and Paul
 Parks.
 2. As for appellant's motion for a default judgment
 against defendants, we conclude that the district court did not
 abuse its discretion in denying the motion. See Coyante v.
 Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997). 
 Since appellant does not dispute the district court's
 observation that he has filed many cases and appeals involving
 the same defendants, the court's conclusion that the May 10,
 1996 order may have been misfiled due to the confusion created
 by these cases and appeals can hardly be called an abuse of
 discretion. It therefore is plain that the case at hand did
 not represent an "extreme situation" requiring the "drastic
 sanction" of a default judgment. See id.
 The judgment of the district court is affirmed; all
 pending motions are denied as moot.